**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen G. Grace,              ) | No. CV 04-0242-PHX-JAT |
|                              ) | |
| Plaintiff,           ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| Pinnacle West Capital Corporation Long) Term Disability Plan; Pinnacle West) Capital Corporation 1998 Severance Plan,) | |
|                              ) | |
| Defendants.          ) | |
|                              ) | |

Pending before the Court is Plaintiff Karen G. Grace's Motion for Reconsideration. (Doc. #33). For the following reasons, the Court will deny Plaintiff's Motion.

I.  Background

Plaintiff filed this lawsuit in February 2004, asserting her right to benefits under the Defendant Long-Term Disability Plan and the Defendant Severance Plan. The relevant allegations in her Complaint are summarized as follows.

Plaintiff was formerly employed by APS, an affiliate of Pinnacle West Capital Corporation. (Complaint at ¶V.) While employed, she participated in the Defendant Long-Term Disability Plan and the Defendant Severance Plan. (*Id.* at ¶¶VI, VII.) Although Plaintiff claims that she is entitled to benefits under both Plans, she alleges that Defendants have unjustly denied her such benefits. (*Id.* at ¶¶X, XI.)

With respect to her claim for disability benefits, Plaintiff alleges that while employed by APS, she filed for and began receiving disability benefits under the Long-Term Disability Plan. (*Id.* at ¶X.) However, on December 5, 2002, she alleges that Defendants terminated benefit payments. (*Id.*) She alleges that she remains disabled and that the Defendants' termination of benefits under the Long-Term Disability Plan was unreasonable, arbitrary, capricious, and in breach of contract. (*Id.* at ¶XII.)

Additionally, Plaintiff alleges that she is entitled to benefits under the Severance Plan. (*Id.* at ¶XI.) However, she alleges that Defendants have unjustly refused to make any benefit payments. (*Id.* at ¶¶XI, XVII.) She claims that Defendants' conduct is unreasonable, arbitrary, capricious, and in breach of contract. (*Id.* at ¶XIII.) Plaintiff charges that, "[a]s a result of Defendant's failure to comply with the employee benefit plan, breach of fiduciary obligations, breach of statutory duties, and breach of contracts, Plaintiff has suffered economic loss." (*Id.* at ¶XVIII.)

As indicated above, Defendants moved to dismiss Plaintiff's claims for wrongful denial of benefits under the Severance Plan. On March 25, 2005, the Court issued its Order granting Defendants' Motion. (Doc. #30). Plaintiff now urges the Court to reconsider its ruling.

II.   Legal Standards

A.   Reconsideration of an Interlocutory Order

The Court has discretion to reconsider a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994). However, motions for reconsideration are disfavored. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir.1988). To succeed on a motion for reconsideration the movant must demonstrate one of the following:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
> (2) There are new material facts that happened after the Court's decision;
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or

    (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). When moving for reconsideration of a prior ruling, the movant "shall [not] repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Id*.

B.    Timely Filing of Motion to Reconsider

    Pursuant to Local Rule of Civil Procedure 7.2(g), "Absent good cause shown, any motion for reconsideration shall be filed no later than ten (10) days after the filing of the Order that is the subject of the motion."

III.    Discussion

    In her Motion, Plaintiff seeks reconsideration "based on Plaintiff's belief that this court has misapplied case law and/or overlooked key language in the Severance Plan and the Long Term Disability Policy." (Plaintiff's Motion for Reconsideration, page 3). Specifically, Plaintiff contests that the waiver and release requirement is invalid. *Id*. Further, Plaintiff urges the Court to reconsider its application of the *Curtiss-Wright* holding and contends, as before, that the facts of this case are distinguishable from *Curtiss-Wright*. (Plaintiff's Motion for Reconsideration, page 5).

    Reconsideration is not to be used to ask the Court to rethink what it has already thought. *Motorola*, 215 F.R.D. at 582 As discussed in the original Order, the waiver and release requirement is set forth in Section 3 of the Severance Plan as follows:

> (a) Except as otherwise provided in Section 3(b), an employee eligible to participate under section 2 shall become a participant entitled to benefits under Section 4 of the Plan if, after being notified of coverage under Section 2, he accepts in writing, during the Election Period, the severance benefits of claims in such form and containing such terms and conditions as the company may prescribe, including, but not limited to employment separation and voluntarily separating from employment with the Employer on his Termination Date.

(Motion, ex. A at 6-7).

    Further, the *Curtiss-Wright* case has already been applied by this Court and there are no sufficient grounds for reconsideration presented by Plaintiff, not

1 previously taken into account and heard by this Court. Therefore, despite her
2 'steadfastness', Plaintiff has failed to establish a valid basis for reconsideration.

3     Additionally, this Court's original Order was filed on March 25, 2005, with
4 Plaintiff's Motion for Reconsideration being filed on April 19, 2005. That time frame
5 is well outside the 10 days provided for by Local Rule of civil Procedure 7.2(g).
6 Therefore, Plaintiff's Motion for Reconsideration could only be granted by this Court
7 upon showing of good cause for delay by the movant. *Id*. Plaintiff failed to address
8 the issue of untimeliness or even proffer a basis to support a finding of good cause for
9 the late filing. Accordingly, the Court may deny Plaintiff's Motion on the ground that
10 it is untimely.

11     In light of Plaintiff's failure to demonstrate a valid basis for the Court to
12 reconsider its prior Order, and failure to timely move for reconsideration, the Court
13 will deny her Motion.

14 IV.    Conclusion
15     Accordingly,
16     **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.
17     DATED this 7th day of October, 2005.

*[signature]*
James A. Teilborg
United States District Judge